

```
                    IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

                                      )
IN RE                                 )
                                      )
MAZIN KAMEL ZAID,                     )  CASE NO. 11-34701-H3-7
                                      )
          Debtor,                     )
                                      )
JOSEPH HILL, TRUSTEE,                 )
                                      )
          Plaintiff,                  )
v.                                    )  ADV. NO. 12-3194
                                      )
JOHN ZAID,                            )
                                      )
          Defendant.                  )
                                      )
```

MEMORANDUM OPINION

The court has held a trial in the above captioned adversary proceeding.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Mazin Kamel Zaid ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 3, 2011.  Joseph M. Hill ("Plaintiff") is the Chapter 7 Trustee.

In the instant adversary proceeding, Plaintiff seeks avoidance and recovery of an alleged fraudulent transfer of an

interest in the Millenium Family Limited Partnership (the "FLP") from Debtor to Debtor's brother, John Zaid ("Defendant"), during January, 2010.

The parties have stipulated that prior to January 1, 2010, Debtor owned a 12.38% interest in the FLP. On January 1, 2010, Debtor transferred his 12.38% interest in the FLP to Defendant.[1]

Trustee asserts that the transfer was made with an actual intent to defraud, under Section 548(a)(1)(A) of the Bankruptcy Code, and that the debtor was insolvent, and received less than reasonably equivalent value in exchange for the transfer, under Section 548(a)(1)(B) of the Bankruptcy Code.

Defendant asserts that Debtor received reasonably equivalent value for the transfer of Debtor's 12.38% interest in the FLP, in the form of forgiveness of debt owed to Defendant by Debtor. Defendant denies that the transfer was made with an actual intent to defraud. Defendant also asserts the affirmative defense, under Section 548(c) of the Bankruptcy Code, of a transfer for value and in good faith.

Defendant testified that, beginning in 2004, he made loans to Debtor. He testified that he made the loans in the form of transfers from Defendant's bank account to Debtor's bank

---

[1] The stipulations between the parties are identified as "Admissions of Fact" in the Joint Pretrial Statement (Docket No. 13).

account.  He testified that the aggregate amount of these transfers totals $146,131.01.  The parties have stipulated that twenty-one transfers, totaling $113,040.31, were made.  Defendant testified that an additional transfer, in the amount of $33,090.70, was made on September 29, 2005.

Of the twenty-one transfers as to which the parties have stipulated, eleven, totaling $62,040.31, were made prior to January 1, 2006.

Defendant testified that there were no written loan agreements between Defendant and Debtor.  He testified that the terms of the loan were that Debtor would repay the loans as soon as he could, but that if Debtor could not repay the loans, Debtor would transfer to Defendant the Debtor's interest in the FLP.

Defendant testified that he believes he had a security interest in the FLP.  Defendant, who is an attorney licensed in Texas since 2002, testified that the loans were not reflected in writing, did not state an interest rate, and did not state default terms.  He testified that he did not file a UCC-1 Financing Statement with the State of Texas.

The parties have stipulated that, prior to January 1, 2010, Debtor had not transferred any property to Defendant.

In Debtor's schedules, Debtor listed Weingarten Realty as a creditor.  Debtor stated that the date the debt was incurred was January 21, 2010, resulting from a lawsuit with respect to a

3

lease.  Debtor listed the amount owed to Weingarten Realty as $238,147.90.  Debtor's other scheduled unsecured debts total $76,580.17.  (Trustee's Exhibit 8).  The parties have stipulated that judgment was rendered against the Debtor on February 16, 2010 in favor of Weingarten Realty in the amount of $208,147.90.

The court admitted into evidence testimony from the meeting of creditors in the instant case held pursuant to 11 U.S.C. § 341 on July 12, 2011.  At the meeting of creditors, Debtor testified that he did not know anything about the business affairs of the FLP.  He testified that he believed that the FLP had once had assets, but that the assets had been sold.  Debtor testified that there was no distribution to him from the FLP.

At the meeting of creditors, Debtor testified that he owed money to relatives.  He testified that, during January, 2010, he had paid $15,000 to his father, Kamel Zaid.  He testified that he subsequently had borrowed $25,000 from his father.  When asked about transfers to family members, Debtor did not identify the transfer of his FLP interest to his brother, allegedly in forgiveness of debt.  Debtor instead testified that he had borrowed $30,000 from Defendant.

In Debtor's schedule F, Debtor listed Defendant as a creditor, holding an unsecured claim in the amount of $30,000.  The date on which the debt was allegedly incurred is not identified.  (Trustee's Exhibit 8).

In Debtor's meeting of creditors, Debtor testified that Defendant manages Debtor's individual retirement account. Additionally, Defendant testified that Debtor is listed as a joint owner of some of Defendant's bank accounts.

Trustee testified that, after the meeting of creditors, Debtor turned over to Trustee his individual income tax returns for 2009 and 2010. On both the 2009 tax return, which was electronically submitted on April 8, 2010, and the original 2010 tax return, which was electronically submitted on July 11, 2011, Debtor indicated that he had an interest in the FLP. (Trustee's Exhibits 3, 4).

On Debtor's statement of financial affairs, which was filed in the instant case on June 13, 2011, Question 10 directed the debtor to "List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case." Debtor checked the box indicating "None." (Trustee's Exhibit 2).

Subsequently, Debtor filed an amended tax return for 2010. The amended return reflects Debtor's transfer of his interest in the FLP. (Trustee's Exhibit 7).

The date of Debtor's amended tax return for 2010 is not in evidence. Trustee testified that he received Debtor's tax

5

refund, in the amount shown in the amended return.  Trustee testified that the amended return was filed after Trustee sent a demand letter to Defendant.  Trustee's demand letter, dated November 3, 2011, is in evidence. (Trustee's Exhibit 6).

The parties have stipulated that, on January 1, 2010, the FLP held four parcels of real property, and that, according to the Harris County Appraisal District ("HCAD"), the aggregate value of the four parcels was $973,224.00 as of January 1, 2010.

Defendant testified that the properties held by the FLP are raw, undeveloped land.  He testified that he believes the value of Debtor's interest in the property was approximately $99,000 on January 1, 2010.  He testified that he believes, based on his consultation with his accountant, that the value is properly measured by multiplying Debtor's 12.38 percent ownership of the FLP by the aggregate value of the real property, and then applying a discount to address restrictions on transfer of an interest in the FLP.[2]

The value stated by Debtor, in Debtor's amended tax return, for the interest transferred to Defendant, is $96,388.00. (Trustee's Exhibit 7).

The partnership agreement establishing the FLP provides generally that neither record title nor beneficial ownership of

---

[2]Multiplying 12.38 percent by the aggregate HCAD value of $973,224.00 yields $120,485.13.

the FLP may be transferred without the affirmative consent of 93 percent in interest of the limited partners. The partnership agreement also provides generally that the FLP may acquire the interest of a transferee of an interest in the FLP, at a value to be determined by the written appraisal of a person or firm qualified to value the business. (Defendant's Exhibit 2).

Trustee testified that he received such an appraisal from Debtor. The appraisal is not in evidence. Trustee testified that he used the appraisal in determining the amount contained in Trustee's demand letter to Defendant. The letter states a value of $248,000 for Debtor's interest in the FLP.

Trustee testified that he believes the value is higher than the HCAD value, because families often will pay dearly to avoid a bankruptcy trustee becoming a partner in their partnerships.

The court does not find persuasive either the theory advanced by Trustee or the theory advanced by Defendant as to the value of Debtor's interest in the FLP on January 1, 2010. Rather, the court finds most persuasive the simple application of Debtor's ownership percentage of the FLP to the aggregate value of the properties held by the FLP on January 1, 2010. The court finds that the value of Debtor's interest on January 1, 2010 was $120,485.13.

## Conclusions of Law

Section 548(a)(1) of the Bankruptcy Code provides for avoidance of a transfer if the debtor:

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value inexchange for such transfer or obligation; and
>
> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> > (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> >
> > (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> >
> > (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1).

Actual intent to defraud may be inferred from the actions of the debtor and may be proven by circumstantial evidence. <u>Matter of Chastant</u>, 873 F.2d 89 (5th Cir. 1989).

In <u>Chastant</u>, the Fifth Circuit identified factors supporting an actual intent to defraud, citing <u>In re Schmit</u>, 71 B.R. 587 (Bankr. D. Minn. 1987):

> (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

<u>Chastant</u>, 873 F.2d, at p. 91.

In the instant case, the transfer of the FLP interest from Debtor to Defendant was for inadequate consideration. The court addresses this issue below in more depth in connection with the discussion of Section 548(a)(1)(B). The transferee was the Debtor's brother, with whom Debtor has a close relationship. The Debtor arguably retained possession of his interest. Despite the purported transfer, Debtor continued to list the property on his 2010 tax return until it was amended after Trustee demanded turnover from Defendant. Debtor made the transfer while litigation was pending against him that ultimately rendered him insolvent. Debtor concealed the transfer from Trustee by failing to report it on his schedules. The court concludes that Debtor made the transfer with an actual intent to defraud creditors, including Weingarten Realty.

The debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value. <u>Matter of Fairchild Aircraft Corp.</u>, 6 F.3d 1119 (5th Cir. 1993). However, reasonably equivalent value is ordinarily fact-intensive, as the court bases its determination upon subsidiary fact findings regarding the value of the property transferred and the value received in the exchange. <u>Matter of Dunham</u>, 110 F.3d 286 (5th Cir. 1997).

In the instant case, the court has found that the value of Debtor's transferred interest in the FLP was $120,485.13. Defendant asserts that Debtor received a forgiveness of debt. However, the court finds not credible Defendant's contention that he intended to be repaid. Defendant is an attorney, and had been licensed to practice in Texas for several years at the time he transferred funds to Debtor. Defendant and Debtor both failed to keep any records regarding the transfers, and Defendant admitted that there was no agreement on the terms of repayment. The court concludes that there was no debt to forgive. The court concludes that the transfers from Defendant to Debtor were gifts for the purposes of support. The court concludes that Debtor's transfer to Defendant of his interest in the FLP was not for reasonably equivalent value.[3]

---

[3] The court notes that, even if the transfers from Defendant to Debtor were considered loans, $62,040.31 of the stipulated transfers, plus the disputed $33,090.70 transfer, were more than

> Section 548(c) of the Bankruptcy Code provides:
>
> (c) Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

11 U.S.C. § 548(c).

The burden of proof as to the affirmative defense in Section 548(c) is on the defendant transferee. In re Hannover Corp., 310 F.3d 796 (5th Cir. 2002).

Defendant contends that he took the transfer of Debtor's interest in the FLP in good faith and for value. As addressed above, Defendant's transfers to Debtor were gifts for the purpose of support. Moreover, the value given by Defendant to Debtor was not "in exchange for" the transferred FLP interest. Finally, Defendant has not met his burden of proof on the question of good faith. The court concludes that the affirmative defense asserted by Defendant does not apply. The court concludes that Debtor's transfer of an interest in the FLP to Defendant should be avoided.

Section 550(a) of the Bankruptcy Code provides:

---

four years old on January 1, 2010, and thus not enforceable. See Tex. Civ. Prac. & Rem. Code § 16.004. The remaining transfers, totaling $51,000, are not reasonably equivalent to the value of Debtor's interest in the FLP.

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from -
>
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>>
>> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

In the instant case, Defendant is the initial transferee of Debtor's interest in the FLP. The restrictions on transfer of an interest in the FLP mean that if the property itself were recovered, the Trustee would incur substantial additional expenses in liquidating the bankruptcy estate's interest in the FLP. The court concludes that Trustee should recover from Defendant the value of Debtor's interest in the FLP, in the amount of $120,485.13.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on January 28, 2013.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE